UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SANTIAGO CRUZ, on behalf of himself and all other
persons similarly situated,

                           Plaintiff,                             **COMPLAINT**

  -against-

D.W.S ASSOCIATES, INC. d/b/a
DWS Printing & Packaging and ANDREW STAIB,       *Collective and Class Action*

                           Defendants.
------------------------------------------------------------------------X

        Plaintiff, SANTIAGO CRUZ ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, D.W.S ASSOCIATES, INC. d/b/a DWS Printing & Packaging "DWS") and ANDREW STAIB ("STAIB"), alleges as follows:

## NATURE OF THE ACTION

        1.     Defendant DWS failed to pay Plaintiff and other similarly situated employees premium overtime wages for all hours worked in excess of forty hours per week in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").  Defendant DWS also failed to pay Plaintiff and other similarly situated employees spread-of-hours pay for each workday when they worked a shift that was longer than ten hours.

        2.     Plaintiff brings this action against Defendants to recover unpaid wages, liquidated damages, statutory damages, pre-judgment interest, and attorneys' fees and costs on behalf of himself and all other persons similarly situated under the FLSA and NYLL.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff was an "employee" within the meaning of NYLL § 190(2).

7. Defendant DWS is a domestic business corporation.

8. At all times relevant, Defendant DWS was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d) and NYLL § 190(3).

9. At all relevant times, Defendant DWS was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees used tools, equipment and other materials which originated in other states.

10. Defendant STAIB is an owner, shareholder and/or officer of DWS, had authority to make payroll and personnel decisions for DWS, was active in the day-to-day management of DWS, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

## FACTUAL ALLEGATIONS

11.     Defendant DWS is a label printing and packaging company specializing in labels and packaging serving the beverage, craft beer and food industries.

12.     Plaintiff was employed by Defendant as a press helper from in or March 2020 to in or about October 18, 2022.

13.     Plaintiff was a non-exempt, hourly-paid employee. Defendant DWS paid Plaintiff at the state statutory minimum wage. Plaintiff's regular rate of pay was $14.00 per hour in 2021 and $15.00 per hour in 2022.

14.     Throughout his employment with Defendant, Plaintiff regularly worked more than 40 hours in a single workweek. Plaintiff regularly worked Monday through Saturday, 6 days per workweek.

15.     Defendant DWS failed to pay Plaintiff overtime at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a single workweek in violation of the FLSA and NYLL. For example:

- for the period January 5, 2022 to January 11, 2022, Defendant DWS paid Plaintiff at his regular hourly rate of $15 per hour for 43.75 hours and at a rate of $22.50 for 13.95 hours;

- for the period March 23, 2022 to March 29, 2022, Defendant DWS paid Plaintiff at his regular hourly rate of $15 per hour for 43.75 hours, and at a rate of $22.50 per hour for 10.95 hours;

- for the period June 1, 2022 to June 7, 2022, Defendant DWS paid Plaintiff at his regular hourly rate of $15 per hour for 43.75 hours, and at $22.50 per hour for 14.66 hours;

3

- for the period July 20, 2022 to July 26, 2022, Defendant DWS paid Plaintiff at his regular rate of $15 for 43.75 hours, and at a rate of $22.50 for 9.54 hours.

16. Plaintiff and similarly situated hourly-paid employees regularly worked a workday that exceeded 10 hours from its start to its finish.

17. Defendant DWS failed to pay Plaintiff and other similarly situated hourly-paid employees spread-of-hours pay for each day in which their spread of hours exceeded 10 hours in violation of NYLL § 190 et seq. and 2 N.Y.C.R.R. Part 142.

18. Defendant DWS failed to provide written notice to Plaintiff and other similarly situated employees in their primary language setting forth the regular rate of pay, basis of rate of pay, overtime rate of pay, and other information required by NYLL § 195(1).

19. Defendant DWS failed to provide Plaintiff and other similarly situated employees with an accurate wage statement each pay period as required by Labor Law § 195(3).

20. Defendant DWS failed to post required notices regarding payment of minimum wages and overtime as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

21. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to pay them overtime pay for all hours worked in excess of forty (40) hours each week.

22. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The

named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

23. Plaintiff seeks to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself and the following similarly situated employees:

> All persons who are currently or have been employed by the Defendant in hourly-paid positions such as laborers, production workers, pressmen, helpers, machine operators, packagers, and mechanics at any time during the three (3) years prior to the filing of their respective consent forms.

24. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b).

25. Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which have been unlawfully withheld from them by the Defendants.

**RULE 23 CLASS ACTION ALLEGATIONS**
**NEW YORK STATE LABOR LAW**

26. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant as hourly-paid employees at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

27. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

28. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendant as hourly-paid employees at any time during the six (6) years prior to the filing of this Complaint.

29. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant failed and/or refused to pay the Plaintiff and Class Members premium overtime pay at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week and spread-of-hours pay when they worked more than ten hours in a single workday, whether Defendant's general practice of failing and/or refusing to pay spread-of-hours pay was done willfully or in reckless disregard for the law, whether Defendant failed to furnish Plaintiff and Class Members with a wage notice upon hire that was compliant with the New York Labor Law, whether Defendant failed to provide Plaintiff and Class Members with accurate wage statements that were compliant with the New York Labor Law, and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

30. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendant failed to pay Plaintiff overtime for all hours worked after 40 hours per week and failed to pay Plaintiff spread-of-hours pay. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

31. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

32. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

33. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

34. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

35. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

### FIRST CLAIM FOR RELIEF
### FLSA OVERTIME WAGES

36. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

37. Defendant employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for all hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

38. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

39. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

40. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW OVERTIME WAGES

41. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

42. Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate Plaintiff and Class Members for all hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

43. By Defendants' failure to pay Plaintiff and Class Members overtime wages for all hours worked in excess of 40 hours per week, Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

44. Due to Defendants' violations of the New York Labor Law, Plaintiff and Class Members are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW SPREAD-OF-HOURS

45. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

46. Defendants failed to pay Plaintiff and Class Members one additional hours' pay at the basic minimum wage rate for each day the spread of hours exceeded ten in violation of New York Labor Law §650 et seq. and 12 NYCRR §142-2.4.

47. Defendants' failure to pay spread-of-hours pay was willful.

48. Plaintiff and Class Members are entitled to recover unpaid wages, liquidated damages, statutory interest and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW WAGE NOTICE

49. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

50. Defendants failed to provide Plaintiff and Class Members with a written notice upon hire in their native language setting forth their rate of pay; the basis of the rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Section 195 of the New York Labor Law.

51. Due to Defendant's failure to provide Plaintiff and Class Members with the notice and statement required by Section 195 of the Labor Law, Plaintiff and Class Members are entitled to statutory damages.

## FIFTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW WAGE STATEMENT

52. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

53. Defendants failed to provide Plaintiff and Class Members with an accurate statement of their wages each pay period as required by Section 195 of the Labor Law.

54. Due to Defendant's failure to provide Plaintiff and Class Members with accurate wage statements, Plaintiff and Class Members are entitled to statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.)   An order restraining Defendants from any retaliation against Plaintiff and Class Members for participation in any form in this litigation;

(ii.)  Certification of a Collective Action pursuant to 29 U.S.C. § 216(b);

(iii.) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(iv.)  Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the New York Labor Law and the supporting New York State Department of Labor Regulations;

(v.)   Certification of a Class Action pursuant to Fed. R. Civ. P. 23;

(vi.)  Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(vii.) Unpaid wages, including unpaid overtime compensation and spread-of-hours pay, and liquidated damages, pursuant to the New York Labor Law and the supporting New York State Department of Labor Regulations;

(viii.) Damages pursuant to New York Labor Law § 198(1-a);

(ix.)  Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(x.)   Pre-judgment and post-judgment interest as permitted by law; and

      (xi.)    Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
November 4, 2022

                                  LAW OFFICE OF PETER A. ROMERO PLLC

                                  */s/ Peter A. Romero, Esq.*
                  By:    _____
                                  Peter A. Romero, Esq.
                                  490 Wheeler Road, Suite 250
                                  Hauppauge, New York 11788
                                  (631) 257-5588
                                  Promero@RomeroLawNY.com

                                  *Attorneys for Plaintiff*